**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-1850**

_____

HUGO ALBERTO DE LA O and J.E.D.R.,

Petitioners,

v.

MERRICK GARLAND, Attorney General,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Argued:  March 10, 2023                                      Decided:  June 6, 2023

_____

Before KING, WYNN, and QUATTLEBAUM, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

**ARGUED:** Ronald Darwin Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioners. Kathryn McKinney, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** Suzanne L. Capriotti, LAW OFFICES OF SUZANNE L. CAPRIOTTI, Gaithersburg, Maryland, for Petitioners. Brian Boynton, Principal Deputy Assistant Attorney General, Anna Juarez, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hugo Alberto De La O and his son, natives and citizens of El Salvador, petition for review of an order of the Board of Immigration Appeals ("the Board") dismissing the appeal from the Immigration Judge's decision denying their applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We review the agency's factual findings for substantial evidence. *Diaz de Gomez v. Wilkinson*, 987 F.3d 359, 362 (4th Cir. 2021). Under that standard, the agency's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Legal issues are reviewed de novo. *Diaz de Gomez*, 987 F.3d at 363. From our review of the record, the Board did not commit any legal error. And the Board's factual findings were supported by substantial evidence. Stated differently, no reasonable factfinder "would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Essohou v. Gonzales*, 471 F.3d 518, 520 (4th Cir. 2006). So, we deny the petition to review the Board's decision concerning the asylum, withholding of removal and CAT claims.

*PETITION DENIED*

2